IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHIL GARNER                                                                                             PLAINTIFF

v.                          Civil No. 6:13-cv-06125

NURSE M. REEVES;
CAPTAIN RONALD BRANSTEETER;
and DEPUTY HILDETH
                                                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Phil Garner pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Richard T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order and Defendants' Motion to Dismiss for Failure to Obey a Court Order. ECF No. 18. After careful consideration, the Court makes the following Report and Recommendation.

**1.     BACKGROUND**

Plaintiff filed his Complaint on November 6, 2013 while incarcerated at the Garland County Detention Center.  ECF No. 1.  Mail sent to Plaintiff at the Garland County Detention Center was returned as undeliverable on November 14, 2013 and May 15, 2014. On May 20, 2014, the Court changed Plaintiff's address to the ADC North Central Unit and reminded Plaintiff that failure to keep

1

the Court apprised of his address would result in dismissal of his case. ECF No. 13. Mail sent to this address was not returned. On August 12, 2014, the Court granted Defendants' Motion to Compel, directing Plaintiff to respond to Defendants' discovery requests and to sign and have a notarized Medical Authorization form returned to the Defendants by September 15, 2014. Plaintiff was advised in the Order that failure to comply with the Court's Order might result in the dismissal of his case. ECF No. 17. On September 24, 2014, Defendants filed a Motion to Dismiss because Plaintiff had not yet complied with the Court's Order. ECF No. 18.

Plaintiff has not communicated with the Court since filing his Complaint.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

2

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.    DISCUSSION**

Plaintiff failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff failed to comply with the Court's Order directing him to provide discovery responses. Plaintiff failed to prosecute this matter.   Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.    CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Order,  and has failed to prosecute this matter.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 15th day of May 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE